# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | |
| v. | No. 3:04-cr-236 (SRU) |
| GARRY ADAMS | |

## RULING ON FIRST STEP ACT MOTION

The defendant, Garry Adams, pled guilty on October 29, 2004 to a two-count indictment charging him with (1) possession with intent to distribute five grams or more of cocaine base and (2) possession of a firearm and ammunition by a convicted felon. On May 2, 2005, Adams was sentenced to 210 months' imprisonment on each count, with the terms to run concurrently. He now seeks relief under the First Step Act and requests to be immediately released or, in the alternative, to be resentenced. *See* First Step Act Motion ("FSA Mot."), Doc. No. 68. The government opposes the motion, arguing that Adams' sentence on Count Two is not a "covered offense" within the meaning of the First Step Act. *See* Opp. to FSA Mot., Doc. No. 73. For the reasons that follow, Adams' motion is **granted**, and he is granted immediate release.

**I.**  **Background**

On October 29, 2004, Adams pled guilty to Count One and Count Two of a two-count indictment. *See* Minute Entry, Doc. No. 40. He was charged in Count One with possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *See* Judgment, Doc. No. 61. In Count Two, he was charged with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

*Id.* In the plea agreement, the parties stipulated to a quantity of 14.9 grams of cocaine base, known as "crack cocaine." *See* Plea Agreement, Doc. No. 41 at 10.

The parties agreed that on June 30, 2004, Adams knowingly and intentionally possessed five grams or more of crack cocaine, with the intent to distribute the narcotics in question. *Id.* at 1–2. The parties also agreed that prior to June 30, 2004, Adams had been convicted of a felony, and that on or about that date he knowingly possessed a firearm and ammunition that had traveled in interstate or foreign commerce. *Id.* at 2. The plea agreement provided that if Adams accepted responsibility for the offenses, the government would recommend a two-point downward adjustment. *Id.* at 5. In addition, the government agreed not to file a second-offender notice regarding Count One, which would have increased the statutory mandatory minimum penalty from 5 to 10 years' imprisonment and the maximum penalty from 40 years' imprisonment to life. *See* Opp. to FSA Mot. at 3. The parties stipulated that Adams was a career offender on Count One and an armed career criminal on Count Two. *See* Plea Agreement at 5–6.

Adams appeared before me for sentencing on May 2, 2005. *See* Minute Entry, Doc. No. 60. I adopted the guideline range set forth in the presentence report, predicated on a base offense level of 26, with two levels added for the possession of a firearm on the narcotics offense. Sentencing Tr., Doc. No. 64 at 7. The base offense level increased to 34 because Adams was both a career offender and armed career criminal, resulting in a guideline range of 210 to 262 months' imprisonment. *Id.* I accepted the binding plea agreement and sentenced Adams to 210 months' imprisonment on each count, to run concurrently, followed by five years of supervised release. *Id.* at 36. Adams has served approximately 181 months of his sentence,[1] which is one

---

[1] Adams has been in federal custody since June 30, 2004. *See* Reply to FSA Mot., Doc. No. 74 at 10.

2

month more than the 15-year mandatory minimum on Count Two. *See* Mem. in Supp. FSA Mot., Doc. No. 72 at 2.

On April 5, 2019, Adams filed a motion to reduce his sentence under the recently passed First Step Act. He seeks immediate release or a resentencing hearing. FSA Mot. at 1. On April 18, 2019, the U.S. Probation Office filed a supplemental addendum to the Presentence Investigative Report regarding Adams' eligibility for First Step Act relief. *See* PSR Addendum, Doc. No. 69. The government filed its opposition to Adams' motion on June 5, 2019. *See* Opp. to FSA Mot.

**II.     Discussion**

A. Eligibility for Relief

After Adams' sentencing, Congress passed the Fair Sentencing Act of 2010, Pub. Law 111-220, 124 Stat. 2372, which "'reduced the statutory penalties for cocaine base [] offenses' in order to 'alleviate the severe sentencing disparity between crack and powder cocaine.'" *United States v. Sampson*, 360 F.2d 168, 169 (W.D.N.Y. 2019) (quoting *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016)). In 2018, Congress passed, and the President signed into law, the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the First Step Act made retroactive some provisions of the Fair Sentencing Act. *Id*. First Step Act relief is available to those convicted of a "covered offense," which Section 404 defines as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 …, that was committed before August 3, 2010." First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 § 404(a). Section 2 of the Fair Sentencing Act changed the penalty structure for crack cocaine offenses, under both 21 U.S.C. § 841(b) and 21 U.S.C. § 960(b).

Relevant to Adams' case, the Fair Sentencing Act modified the penalties for a crime involving less than 28 grams of crack cocaine. *See* 21 U.S.C. § 841(b); PL 111-220, 124 Stat. 2372. Adams was charged with a drug offense involving five grams or more of crack cocaine, and the parties stipulated that the offense conduct involved 14.9 grams of crack cocaine. *See* Plea Agreement at 10. I adopted that quantity stipulation at sentencing. *See* Sentencing Tr. at 2–4. If the statutory penalties for a five-gram crack offense had been in effect at the time Adams committed his crime, he would have been subject to the 0 to 20-year statutory penalties of 21 U.S.C. § 841(b)(1)(C), rather than the 5 to 40-year range of 21 U.S.C.§ 841(b)(1)(B). Both parties agree that Adams is eligible for a reduced sentence on Count One because it is a covered offense under the First Step Act.

Accordingly, Adams is eligible for relief because he was convicted of a covered offense that was committed before August 3, 2010. His conviction on Count One was based on his violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(B), the statutory penalties for which were reduced by section 2 of the Fair Sentencing Act of 2010. *See* Judgment, Doc. No. 61.

B. <u>Scope of Relief</u>

The First Step Act contains a broad grant of authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect" at the time of the commission of the offense. First Step Act § 404(b). The court has discretion in granting relief under the First Step Act. *See* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

As discussed above, Adams is eligible for relief on Count One because it is a covered offense. The parties dispute, however, whether Adams is entitled to a plenary resentencing

because his sentence on Count Two for possession of a firearm and ammunition by a convicted felon, is not a "covered offense" under the First Step Act.

Adams argues that under the First Step Act, courts have the authority to impose a reduced sentence even when a defendant is serving concurrent sentences on multiple counts. "When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent." Mem. in Supp. FSA Mot. at 7. To support that argument, Adams cites *Dean v. United* States, where the Supreme Court noted that the sentencing statutes, 18 U.S.C. §§ 3553, 3582, 3584, direct courts to consider the terms of imprisonment on each count of a multicount conviction when determining the length of the sentence for other counts. 137 S. Ct. 1170, 1175–76 (2017).[2] In *Dean* the Court rejected the government's argument "that district courts should calculate the appropriate term of imprisonment for each individual offense, disregarding whatever sentences a defendant may face on other counts." *Id*. at 1173. The Court noted the government's approach was "at odds" with its "own practice in 'sentencing package cases.'" *Id*.

> Those cases typically involve multicount indictments and a successful attack by a defendant on some but not all of the counts of conviction. In those cases . . . the Government routinely argues that an appellate court should vacate the entire sentence so that the district court may increase the sentences for any remaining counts up to the limit set by the original aggregate sentence . . . . [T]he Government's theory . . . is that the district court may have relied on a now-vacated conviction when imposing sentences for the other counts. But that theory of course directly contradicts the position the Government now advances—that district courts must determine sentences independently of one another, accounting for multiple sentences only when deciding whether to stack them or run them concurrently.

*Id.* at 1176 (internal citations and quotations omitted).

---

[2] In *Dean*, the Court held that nothing in the federal statute that set the mandatory minimum penalty for using or possessing a firearm in connection with a violent or drug trafficking crime restricts a court's authority to consider imposing a sentence under the mandatory minimum for the predicate offense. 137 S. Ct. at 1178.

5

The Probation Office and the government both contend that Adams' current sentence should remain intact because Count Two is not a "covered offense" under the First Step Act. The government maintains that the plain language of the First Step Act does not entitle Adams to a resentencing on both counts. "[T]he text of the First Step Act strictly limits the Court's authority to reduce a defendant's sentence only to a 'covered offense.' Section 404(b) provides in relevant part: '[a] court that imposed *a sentence for a covered offense* may . . . impose *a reduced sentence . . . .*'" Opp. to FSA Mot. at 6. The government also contends that as a policy matter, "opening a sentencing reduction to non-covered offenses would be illogical, because it would effectively grant a windfall to defendants who commit *more* crimes." *Id.* at 7.

After reviewing the record, I conclude that Adams' is entitled to resentencing on both counts. Sentencing courts have the authority to consider the entire sentencing package during a resentencing. *See United States v. Cureton*, 739 F.3d 1032, 1045 (7th Cir. 2014) ("A district judge's sentencing decision ordinarily concerns the entire sentencing package. When part of a sentence is vacated the entire sentencing package becomes unbundled and the judge is entitled to resentence a defendant on all counts.") (internal citations and quotations omitted). As I stated in *United States v. Medina*, "[t]he First Step Act grants broad discretion to judges to decide whether to impose a reduced sentence, and I believe that should be read in the broadest way possible, consistent with the remedial purpose of the First Step Act." 2019 WL 3769598, at *6 (D. Conn. July 17, 2019), *reconsideration denied*, 2019 WL 3766392 (D. Conn. Aug. 9, 2019). Congress did not expressly state in the First Step Act that a court may *only* impose a reduced sentence on a covered offense. Limiting resentencing to only the covered offense undermines Congress' intent to give courts the power to remedy unfair and harsh sentences. *See, e.g.,* Press Release, Congressman Hakeem Jeffries, Collins-Jeffries Historic Criminal Justice Reform Bill Signed

Into Law (Dec. 21, 2018) ("[The First Act] modifies the three strikes law to make it more humane, increases judicial discretion to reduce sentences for low-level nonviolent drug offenders and provides retroactive relief for thousands unjustly sentenced during the crack-cocaine era.").

Upon reviewing the offense conduct and relevant factors listed in 18 U.S.C. § 3553(a), I conclude that a reduced sentence is warranted. As noted above, had the Fair Sentencing Act been in place when Adams was sentenced, he would have been subject to the 0 to 20-year statutory range for the crack cocaine offense and a 15-year mandatory minimum for the gun charge.

Before entering federal custody, Adams endured a traumatic childhood filled with physical and psychological abuse. *See* Presentence Report, Doc. No. 69-2 at 10–12. He has dealt with substance abuse issues since he was fifteen-years-old. *Id.* at 13. His disciplinary infractions in prison largely stem from his history of substance abuse. *See generally* Chronological Display Record, Doc. No. 69-6.

Adams is now 42-years-old and has served over 15 years in federal prison. The resources available through Reentry Court and Support Court could better address his substance abuse issues. I conclude that a sentence of time served is sufficient to serve the purposes of sentencing pursuant to 18 U.S.C. § 3553(a). Accordingly, Adams is resentenced to **time served** on both Count One and Count Two and a term of supervised release of five years on each count, to run concurrently. The conditions of supervised release set forth in the initial judgment shall apply.

### III. Conclusion

For the foregoing reasons, Adams' motion for a reduction in sentence pursuant to Section 404(b) of the First Step Act is **granted**. Adams is hereby resentenced to **time served** followed by a five-year term of supervised release.

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of August 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge